UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WANDA L. BOLDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CV-0503-CVE-PJC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

On November 21, 2013, Magistrate Judge Paul J. Cleary entered a report and recommendation (Dkt. # 19) recommending that the Court affirm the decision of the Commissioner of the Social Security Administration to deny plaintiff's claim for disability benefits. Plaintiff has filed an objection to the report and recommendation, and she asks the Court to remand the case for further administrative proceedings. Dkt. # 20.

**I.**

On March 5, 2010, the Social Security Agency (SSA) received an application for disability benefits (Dkt. # 13-5) from Wanda L. Bolden, and she alleged a date of onset of disability of February 10, 2010. Bolden's claim was initially denied on May 3, 2010. Dkt. # 13-3, at 2. Bolden requested reconsideration of the denial of her claim, and she submitted new evidence in support of her claim. Dkt. # 13-4. However, her claim was again denied by SSA. Id.

Bolden requested a hearing before an administrative law judge, and a hearing was held on June 22, 2011. Bolden appeared at the hearing and she was represented by an attorney. Dkt. # 13-2, at 29. Bolden was 60 years old on the date of the hearing. Id. at 31. She is married and lives with

her husband, and their household income consisted of Bolden's retirement benefits and her husband's social security benefits. Id. at 33. Bolden has a high school diploma and she has some vocational training, but she does not have a college degree. Id. at 34. Bolden takes medication for neuropathy and a heart condition, and the medicine makes her drowsy. Id. at 38. Bolden suffers from diabetes and she takes medication to control her diabetes. Id. at 39. Bolden claimed she has neuropathy as a result of her diabetes, and she experiences numbness and tingling in her legs and feet. Id. Bolden formerly worked as a secretary at the Education Service Center for Tulsa Public Schools, but she quit working due to discomfort in her legs and feet. Id. at 40. Bolden sleeps approximately four to five hours per night and about 30 minutes during the day. Id. at 41. She has a driver's license and she occasionally makes trips to the grocery or drug store. Id. She helps with household chores such as cooking and cleaning, and she goes to church on Sundays. Id. at 42. Bolden claims that she can pick up objects weighing up to 10 pounds, but she has weakness in her hands and she drops things about twice a week. Id. at 43. She has trouble stooping and bending, and she feels pain in her knees when she squats. Id. at 44. The ALJ called a vocational expert (VE), Carol Mellon, to testify. Mellon testified that Bolden's former employment as a secretary was sedentary work with a specific vocational preparation (SVP) level of 6. Id. at 45. The ALJ posed a hypothetical question based on a person 58 years old at the alleged onset of disability who could lift 20 pounds occasionally, 10 pounds frequently, and who could sit or stand for six to eight hours and stand or walk for up two hours in an eight hour work day. The VE testified that the hypothetical claimant could perform Bolden's past relevant work as a secretary. The hypothetical claimant could still perform Bolden's past relevant work even if the lifting restriction were reduced to 10 pounds occasionally and 10 pounds frequently. Id. at 46. If Bolden's testimony were fully credited, she

would not be able to return to her past relevant work as a secretary, because Bolden could sit for only 30 minutes at a time and she would require special accommodations for pain in her feet and legs. Id. at 46-47.

On July 15, 2011, the ALJ entered a written decision denying Bolden's claim for disability benefits. The ALJ found that Bolden had the severe impairments of heart dysrhythmia, diabetes mellitus, anemia, obesity, and neuropathy. Dkt. # 13-2, at 19. He determined that Bolden's complaints of high blood pressure, hyperlipidemia, sinusitis, and medication side-effects were non-severe impairments that did not interfere with Bolden's ability to work. Id. The ALJ found that Bolden's claims of weak hands, hip pain, and leg pain were medically non-determinable impairments. Id. at 19-20. However, none of these impairments or combination of impairments met or equaled the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 20. Based on the objective medical evidence, the ALJ determined that Bolden had the "residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 404.1567(a) in that the claimant is able to lift and carry 10 pounds occasionally and less than 10 pounds frequently, stand and/or walk 2 hours in an 8-hour workday, and sit 6 to 8 hours in an 8-hour workday. The claimant is able to climb stairs occasionally, but is unable to climb ropes, ladders, and scaffolds. The claimant is able to balance only occasionally." Id. Considering Bolden's RFC, the ALJ concluded that Bolden was able to perform her past relevant work as a secretary, and the ALJ denied Bolden's claim at step four of the analysis.

On August 14, 2012, the Appeals Council denied Bolden's request for review. In its decision, the Appeals Council noted that Bolden had submitted new evidence and it made the following evidence part of the administrative record:

3

| | |
|---|---|
| Exhibit 12B | Representative brief by Stephen Gragg, dated July 28, 2011 |
| Exhibit 9F | Medical Records from Utica Park Clinic, dated June 2011 |
| Exhibit 10F | Medical Records from Andrea Stafford, M.D., dated October 2011 |
| Exhibit 11F | Medical Records from Alok P. Pastricha, M.D., dated September 2011 |

Dkt. # 13-2, at 4. The Appeals Council stated that "we considered the reasons you disagree with the decision and the additional evidence listed," but the Appeals Council determined that "this information does not provide a basis for changing the [ALJ's] decision." Id. at 2-3.

Bolden filed this case seeking judicial review of the Commissioner's decision, and the matter was referred to a magistrate judge for a report and recommendation. After the matter was fully briefed, the magistrate judge entered a report and recommendation recommending that the Commissioner's decision to deny Bolden's claim for disability benefits be affirmed. Dkt. # 19. He determined that the Commissioner's decision was supported by substantial evidence even with the new evidence that was accepted as part of the administrative record by the Appeals Council. Id. at 14-15. Bolden has filed an objection (Dkt. # 20) to the report and recommendation, but defendant has not filed a response to Bolden's objection and the time for defendant to respond has expired.

**II.**

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within 14 days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §

4

636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. Fed. R. Civ. P. 72(b).

## III.

Plaintiff argues that the magistrate judge should not have analyzed the new evidence that was submitted to the Appeals Council, because the Appeals Council failed to specifically evaluate this evidence and the new evidence has not been considered by the ALJ who issued the adverse decision. She claims that the Court cannot review the new evidence and create a new justification for denial of her claim, because the new evidence includes the opinions of her treating physician and the Appeals Council failed to engage in the required treating physician analysis. She asks the Court to remand the case to the ALJ for additional consideration in light of the new evidence.

The Social Security Administration has established a five-step process to review claims for disability benefits. See 20 C.F.R. § 404.1520. The Tenth Circuit has outlined the five step process:

> Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." [Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004)]. If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments." *Id*. An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. *See* 20 C.F.R. § 404.1521. At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." *Allen*, 357 F.3d at 1142. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work. *See Id.* Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient residual functional capability to perform other work in the national economy. *See Id.*

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). The ALJ decided this case at step four of the analysis and found that plaintiff did not have an impairment that prevented her from performing her past relevant work. The step four analysis has three phases:

> In the first phase, the ALJ must evaluate a claimant's physical and mental [RFC], and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work. In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one. At each of these phases, the ALJ must make specific findings.

Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996) (citations omitted).

The ALJ issued a written decision that was reviewed by the Appeals Council, which is a final decision by an administrative agency. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008). The Court may not reweigh the evidence or substitute its judgment for that of the ALJ but, instead, reviews the record to determine if the ALJ applied the correct legal standard and if isr decision is supported by substantial evidence. Id. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004). The Court must meticulously examine the record as a whole and consider any evidence that detracts from the Commissioner's decision. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

Plaintiff's argues that the magistrate judge created an impermissible post hoc justification for denial of plaintiff's claim in light of the new evidence she submitted to the Appeals Council, because the Appeals Council failed to specifically analyze the new evidence in its decision. If a claimant appeals the denial of a claim for disability benefits, the Appeals Council must consider new evidence submitted for the first time on appeal if the evidence is "(1) new, (2) material, and (3) related to the period on or before the date of the ALJ's decision." Krauser v. Astrue, 638 F.3d 1324, 1328 (10th Cir. 2011). When the Appeals Council decides to consider new evidence that was not

presented to the ALJ, the new evidence becomes part of the administrative record and a district court must consider the new evidence when evaluating the Commissioner's decision to deny a claim for disability benefits. O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. 1994). The Appeals Council is not required to provide an extensive analysis of new evidence submitted by a claimant, and it is sufficient for the Appeals Council to generally state that the new evidence does not warrant further review of the claim. Martinez v. Barnhart, 444 F.3d 1201, 1207-08 (10th Cir. 2006).

Plaintiff asserts that the magistrate judge should not have evaluated the new evidence submitted to the Appeals Council without giving the ALJ a chance to review the evidence in the first instance, because the magistrate judge engaged in a post hoc effort to supply findings that must be made by the ALJ. Dkt. # 20, at 2. However, a district court is not required to remand a case merely because a claimant submits new evidence to the Appeals Council and the administrative record does not contain an extensive analysis of the new evidence by the ALJ or the Appeals Council. Robinson v. Astrue, 397 Fed. Appx. 430, 432 (10th Cir. Aug. 31, 2010).[1] Instead, the district court must consider the new evidence in light of the entire administrative record and the rationale offered by the Commissioner for denial of the claim and, considering the entire administrative record, determine whether the Commissioner's decision is supported by substantial evidence. Martinez v. Astrue, 389 Fed. Appx. 866, 868 (10th Cir. Aug. 3, 2010).[2] The Court may not allow the Commissioner to offer alternate or post hoc justifications based on the new evidence, but the Court must consider only the rationale used by the Commissioner to deny the plaintiff's claim. See

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[2] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Chrismon v. Colvin, 531 Fed. Appx. 893, 902 (10th Cir. Aug. 21, 2013).[3] Remand is required if the Commissioner's decision can be upheld only by supplying new findings that are not apparent from the ALJ's written decision. Haga v. Astrue, 482 F.3d 1205, 1207-08 (10th Cir. 2007).

Plaintiff argues that the new evidence provided to the Appeals Council includes a medical source statement completed by her treating physician, Andrea Stafford, M.D., and the medical source statement constitutes a treating physician opinion that should be given controlling weight. Dkt. # 20, at 3. She also argues that the Court would necessarily be creating a post hoc justification for denial of her claim if it adopts the magistrate judge's report and recommendation, because the Appeals Council failed to expressly state its reasons for declining to give controlling weight to the opinions of a treating physician. Id. at 6. The Court is not required to remand the case for consideration of the new evidence submitted to the Appeals Council if the ALJ's decision is supported by substantial evidence, even if the new evidence is taken into account. Martinez, 444 F.3d at 1208. The general rule is that the Appeals Council is not required to specifically explain why new evidence accepted as part of the record on appeal does not require remand for further administrative proceedings. However, the Court notes that there are unpublished decisions supporting contrary results on the issue of whether remand is required when the new evidence submitted to the Appeals Council could qualify as a treating physician opinion. In Robinson, the Tenth Circuit found that the Appeals Council was not required to engage in a treating physician analysis of an RFC questionnaire completed by a treating physician when this evidence was accepted as part of the record on appeal, and the Appeals Council's statement that the evidence did

---

[3]   Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

"not provide a basis for changing the [ALJ's] decision" was sufficient. Robinson, 459 Fed. Appx. at 432. In a subsequent unpublished decision, the Tenth Circuit remanded a case for further administrative proceedings solely because the Appeals Council accepted a treating physician opinion as part of the record but failed to expressly evaluate the opinion under the standards applicable to treating physician opinions. Harper v. Astrue, 428 Fed. Appx. 823, 826-27 (10th Cir. June 30, 2011).[4] The Tenth Circuit has not issued a published decision on this issue.

In light of the split of the Tenth Circuit authority, the Court concludes that the case should be remanded for further review of the new evidence accepted as part of the record by the Appeals Council. The Court does not disagree with the magistrate judge's analysis of the new evidence, but it is unclear if the Court is permitted to analyze a possible treating physician opinion in the first instance when the Commissioner has not engaged in a treating physician analysis of new evidence accepted as part of the record by the Appeals Council. Harper, 428 Fed. Appx. at 826-27; see also Beardsley v. Colvin, 2013 WL 3992253 (W.D. Okla. Aug. 2, 2013) (noting conflicting unpublished decisions but finding that Appeals Council was not required to engage in treating physician analysis); Pacheco v. Astrue, 2013 WL 2030964 (D. Colo. May 14, 2013) (remanding for further administrative proceedings when treating physician opinion evidence was accepted by Appeals Council as part of the record but the Appeals Council failed to engage in a treating physician analysis). Under Harper, the Appeals Council or the ALJ should be permitted to review the new evidence in the first instance and conduct a treating physician analysis.

---

[4]  Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 19) is **rejected**, and the Commissioner's decision to deny plaintiff's claim for disability benefits is **reversed and remanded**. A separate judgment is entered herewith.

**DATED** this 8th day of January, 2014.

                                                                      _Claire V Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE